UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :
TYRONE NOWLIN,                                :          03 Civ. 9754 (RJH)
                                              :
                    Petitioner,               :
                                              :          **MEMORANDUM**
         -against-                            :          **OPINION AND ORDER**
                                              :
GARY GREENE, Superintendent of                :
Great Meadow Correctional Facility,           :
                                              :
                    Respondent.               :
                                              :
------------------------------------------------------------x

Petitioner Tyrone Nowlin brings this habeas petition pursuant to 28 U.S.C. § 2254

challenging his state court conviction for two counts of sexual abuse in the first degree,

two counts of sodomy in the first degree, six counts of sexual abuse in the second degree,

and two counts of endangering the welfare of a child. In his petition, he argues that:

(1) his due process rights were violated when the trial court denied his for-cause

challenge of a prospective juror; and (2) the trial court violated his right to a fair trial by

admitting the limited testimony of two alleged prior victims and denying his motion for

mistrial after the alleged victims testified beyond the scope permitted by the court.

On January 13, 2005, Magistrate Judge Douglas F. Eaton issued a Report and

Recommendation (the "Report") recommending that the petition be denied in its entirety.

Prior to issuing the Report, Magistrate Judge Eaton sent petitioner copies of requested

cases and a June 16, 2004 order directing him to serve and file reply papers by August

16, 2004. (Report 2.) In his Objection to the Report (the "Objection"), petitioner states

1

that he received neither the copies nor the order, and as a result did not file a reply.[1] (Objection 1–2.) After requesting and receiving two extensions of time to file the Objection, petitioner filed objections six days late. The Court will treat his objections as timely. For the reasons set forth below, the Court adopts the Report in its entirety and denies the petition.

## BACKGROUND

On September 24, 1999, following a jury trial in the Supreme Court of New York, Bronx County, petitioner was convicted of two counts of Sexual Abuse in the First Degree, N.Y. Penal Law § 130.65[3] (McKinney 2004), two counts of Sodomy in the Second Degree, N.Y. Penal Law § 130.45 (McKinney 2004), six counts of Sexual Abuse in the Second Degree, N.Y. Penal Law § 130.60[2] (McKinney 2004), and two counts of Endangering the Welfare of a Child, N.Y. Penal Law § 260.10[1] (McKinney 1999).

As a second-time felony offender, defendant was sentenced to two determinate terms of seven years imprisonment on the first-degree sexual abuse counts, determinate terms of one year imprisonment on each of the six second-degree sexual abuse counts and on each of the child endangering counts, and indeterminate terms of three and one-half to seven years imprisonment on each of the sodomy counts. The sentences for first-degree sexual abuse were imposed to run consecutively to each other. The sentences for sodomy were imposed to run concurrently, but consecutively to the first-degree sexual abuse sentences. Otherwise, the sentences were imposed to run concurrently for an aggregate term of imprisonment of twenty-one years.

---

[1] In support of his contention that he did not receive Judge Eaton's June 16, 2004 scheduling order, petitioner attaches as Exhibit 1 to his Objection a document that purports to be the response by the Great Meadow Correctional Facility to petitioner's FOIL requestion for any record of "legal mail" from the United States District Court in June or July of 2004.

The facts underlying this petition are discussed in greater detail in the Report, familiarity with which is presumed, and which is attached herewith for ease of reference. A brief summary of the facts, however, follows here.

### 1. Facts Underlying Petitioner's Prospective Juror Claim

During jury selection, one prospective juror told the court that she had been sexually abused as a child. (Aug. 16, 1999 Tr. 118.) After being questioned by the court, the prospective juror stated that she could be fair and impartial despite her personal experience. (*Id.* at 118–20.) The prospective juror again stated her ability to be fair during the prosecutor's questioning. (*Id.* at 142–43.) Petitioner challenged this prospective juror for cause, but the court denied the challenge. (*Id.* at 163–64.) After using a peremptory challenge against her, petitioner exhausted his peremptory challenges before the completion of jury selection. (*Id.* at 259.)

### 2. Facts Underlying Petitioner's Prejudicial Testimony and Mistrial Claims

Before the start of the trial, after a full hearing pursuant to *People v. Molineux*, 61 N.E. 286 (N.Y. 1901), the court gave the prosecution permission to present the testimony of two twenty-three-year-old males who alleged that petitioner had sexually molested them when they were approximately twelve years old. The prosecution stated that the purpose of this testimony was to show petitioner's intent with respect to the pending case and to refute the defense of mistake or accident. (Aug. 16, 1999 Tr. 167–69.) Later, the court clarified that the evidence was only admissible as to the sexual abuse charges, and was not applicable to the charges of sodomy and endangering the welfare of a child, with respect to which the defense of mistake or accident was inapplicable. (Aug. 17, 1999 Tr. 268–69.) The prosecutor informed the trial court that she would instruct one adult

3

witness not to mention that petitioner sodomized him, and would instruct the other adult witness not to reveal that petitioner placed him in handcuffs. (Aug. 20, 1999 Tr. 566–70.) Before either witness testified, the court instructed the jury regarding the limited purpose of the testimony. (*Id.* at 574–77.)

Both witnesses testified that defendant had fondled them and briefly mentioned the matters they had been directed not to discuss. The court gave another limiting instruction following the prosecutor's direct examination of the first witness. (*Id.* at 588.) After the direct examination of the second adult witness, petitioner moved for a mistrial. (*Id.* 602–03.) The court denied this motion. (*Id.* at 603–04.) During the court's final instructions to the jury, it gave a further cautionary instruction explaining the limited purpose of the testimony and instructing the jury to disregard the disallowed testimony. (Aug. 23, 1999 Tr. 692–716; Aug. 24, 1999 Tr. 778–81).

### 3. Appellate History

After the jury convicted petitioner of sexual abuse, sodomy, and endangering the welfare of a child, petitioner appealed on Sixth and Fourteenth Amendment grounds. Petitioner argued that (1) he was denied his due process rights when the court denied his challenge for cause of a prospective juror; and (2) it was error for the court to admit the testimony of the two adults and deny the motion for mistrial. With respect to petitioner's claims, the New York Appellate Division, First Department, held that (1) "the record supports the court's determination that the prospective juror, who herself had been abused as a child, gave the requisite unequivocal assurance of impartiality"; and (2) "[n]one of the evidence at issue deprived defendant of a fair trial, particularly in light of the court's thorough instructions to the jury." *People v. Nowlin*, 747 N.Y.S.2d 92, 93

(N.Y. App. Div. 2002). The New York Court of Appeals denied petitioner leave to appeal. *People v. Nowlin*, N.E.2d 923 (N.Y. 2002). This petition and Magistrate Judge Eaton's Report recommending that it be denied followed.

## STANDARD OF REVIEW

A district court may designate a magistrate to hear and determine certain motions and to submit to the court proposed findings of fact and a recommendation as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. *Id.*

Although petitioner claims that he did not receive Magistrate Judge Eaton's order directing him to submit a reply brief, petitioner did receive the Report on January 18, 2005 and eventually submitted Objections. (Objection 2.) Petitioner was able to raise the arguments in his untimely objections that he would have presented in his reply papers. The Court, as noted above, will treat his objections as timely.

Reviewing courts should review a report and recommendation for clear error where objections are "merely perfunctory responses," argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Vega v. Artuz*, No. 97 Civ. 3775 (LTS), 2002 U.S. Dist. LEXIS 18270, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002); *accord Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). Where objections to a report are "specific and . . . address only those portions of the proposed findings to which the party objects," district courts should conduct a de novo review of the issues raised by the objections. *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992); *see also* Fed. R. Civ. P. 72(b).

5

In his Objections, petitioner again argues that his Sixth Amendment right to a trial free from bias or prejudice was violated when he was forced to use his last preemptory challenge to excuse a prospective juror that, according to petitioner, ought to have been dismissed for cause. He further argues, again, that the trial court's failure to exclude the two adults and later refusal to grant a mistrial after the two adults testified contrary to the limiting instructions was error under the Federal Rules of Evidence. Petitioner's objections do no more than repeat the arguments made in his original petition and would ordinarily be subject to review only for clear error. Nevertheless, because petitioner asserts that he did not have the opportunity to file a reply brief in support of his petition, the Court will undertake a de novo review of petitioner's claims.

## DISCUSSION

Petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Thus, the applicable standard of review is governed by AEDPA as codified in 28 U.S.C. § 2254(d). *See Torres v. Berbary*, 340 F.3d 63, 67–68 (2d Cir. 2003); *Vasquez v. Strack*, 228 F.3d 143, 147 (2d Cir. 2000). Under AEDPA, a federal court may grant a petition for habeas corpus, notwithstanding contrary state court adjudication on the merits, in accordance with the following provisions:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

6

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

With regard to the issue of a prospective juror's bias, the Magistrate Judge correctly found no error under federal law. (Report 3–5.) Although the trial judge refused to excuse the juror in question for cause, petitioner excused her using one of his peremptory challenges. The Report cites the Supreme Court's holding in *Ross v. Oklahoma*, which "reject[ed] the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury" and held that a peremptory challenge removes a juror "as effectively as if the trial court had excused him for cause." 487 U.S. 81, 86, 88 (1988); (Report 4–5 (quoting same)). In his Objection, the petitioner argues that it was a violation of his Sixth Amendment right to an impartial jury for him to have had to use a peremptory challenge to remove a biased juror. (Objection 3.) The Magistrate Judge squarely addressed this argument in the Report and correctly concluded that, under *Ross*, there was no error in petitioner's having had to use a peremptory challenge to excuse the juror.

Petitioner's claim that it was constitutional error for the trial court to allow the alleged prior victims to testify against him is also without merit. The question of whether or not the testimony was permissible arose under state evidentiary law. Ordinarily, state court rulings on evidentiary matters are matters of state law and "are not reviewable by a habeas court unless the errors alleged are so prejudicial as to constitute fundamental unfairness." *Rosario v. Kuhlman*, 839 F.2d 918, 924–25 (2d Cir. 1988); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (explaining that a federal court conducting habeas

7

review "is limited to deciding whether the conviction violated the Constitution, laws or treaties of the United States"); *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir.) *cert. denied*, 525 U.S. 840 (1998) ("The introduction of improper evidence against a defendant does not amount to a violation of due process unless the evidence 'is so extremely unfair that its admission violates fundamental conceptions of justice.'"). That is a "heavy burden, for 'generally, rulings by state trial courts on evidentiary issues, even if erroneous, do not rise to the level of a constitutional violation.'" *Bonet v. McGinnis*, No. 98 Civ. 6529 (HB), 2001 U.S. Dist. LEXIS 10629, 2001 WL 849454, at *2 (S.D.N.Y. July 27, 2001).

To determine whether there has been a constitutional violation, the Court must consider whether the evidentiary ruling was proper under state law, and if not, whether the error deprived petitioner of a fundamentally fair trial. *See, e.g., Dey v. Scully*, 952 F. Supp. 957, 969 (E.D.N.Y. 1997) ("[T]he Court engages in a two part analysis, examining 1) whether the exclusion [of evidence] was error under state law, and 2) whether the error amounted to the denial of the constitutional right to a fundamentally fair trial."). As the Appellate Division correctly held, there was no error in admitting evidence of prior bad acts. *People v. Nowlin*, 747 N.Y.S.2d 92, 93 (N.Y. App. Div. 2002). While under New York state law, such evidence may not be introduced for the purpose of showing defendant's propensity to commit the crime charged, it has long been admitted for other purposes, including to show intent or lack of mistake. *See Molineux*, 61 N.E. at 295; *People v. Basir*, 578 N.Y.S.2d 603, 605 (N.Y. App. Div. 1992) ("Particularly in cases involving child abuse, evidence of prior bad acts is highly relevant to establish lack of mistake or accident."); *People v. Bagarozy*, 522 N.Y.S.2d 848, 854 (N.Y. App. Div.

8

1987) ("In the trial of sex offenses, extrinsic evidence of intent is admissible only in those cases where there is no challenge to the occurrence of the physical contact itself, but the intent of the actor is at issue because the nature of the contact is subject to varying interpretations."); *People v. Young*, 472 N.Y.S.2d 802, 803 (N.Y. App. Div. 1984) (evidence of prior sexual contact between father and daughter properly admitted where intent was at issue). Because petitioner asserted as a defense that the alleged acts of sexual abuse were accidental, evidence of prior instances of sexual abuse was clearly relevant for these purposes. Indeed, while the trial court limited the testimony of the witnesses to certain aspects of two prior instances of sexual abuse, presumably concluding that the prejudicial impact of additional details outweighed their probative value, it would not have been an abuse of discretion had the trial court admitted evidence of a prior instance of sodomy or the use of handcuffs on a minor to show a lack of mistake. *See People v. Aksa*, 697 N.E.2d 172, 173 (N.Y. 1998) (trial court's evidentiary rulings reviewed for abuse of discretion). Therefore, the Court rejects petitioner's claim that admission of the contested portion of the testimony of prior victims was constitutional error.[2]

Assuming, arguendo, that the testimony regarding sodomy and the use of handcuffs was unduly prejudicial, the question remains whether the court's immediate curative instruction and later cautionary jury instruction sufficiently allayed the risk of prejudice. (Report 8.) In light of the trial court's thorough curative instructions, and the

---

[2] It is also worth reiterating the Report's observation that had petitioner been tried in federal court on a child molestation charge, Rule 414(a) of the Federal Rules of Evidence would have permitted "evidence of the defendant's commission of another offense or offenses of child molestation" for "any matter to which it [was] relevant." This includes using such evidence to show defendant's "propensity" to commit child molestation offenses. *See United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997). Thus, evidence of prior instances of sexual abuse and sodomy would have been admissible even had petitioner not raised a defense of mistake, strongly undermining any argument that the admission of the witnesses' testimony as to prior instances of sexual abuse and sodomy violated clearly established federal law. (Report 10.)

"crucial assumption underlying [the jury] system . . . that juries will follow the instructions given them by the trial judge," the decision to deny the motion for mistrial did not deprive petitioner of a fundamentally fair trial. *Parker v. Randolph*, 442 U.S. 62, 73 (1979)); *see Wilson v. Senkowski*, No. 02 Civ. 0231 (HB) (AJP), 2003 U.S. Dist. LEXIS 7583, 2003 WL 21031975, at *12-*13 (S.D.N.Y. May 7, 2003) (Peck, M.J.) (stating that habeas petitioner is entitled to habeas relief on claim based upon a state court's failure to grant motion for mistrial "only where [the] petitioner can show that the error deprived [him] of a *fundamentally fair* trial." (quoting *Rosario v. Kuhlman*, 839 F.2d 918, 925 (2d Cir.1988))); *see also, e.g., Arizona v. Washington*, 434 U.S. 497, 510-11 (1978) (a trial court's determination of whether to declare a mistrial is accorded "the highest degree of respect"). Petitioner does not argue that the trial court's curative instructions were in any way deficient, but instead suggests that since the witnesses did not follow the court's instructions to avoid certain details when testifying, the jury likewise might not have followed the court's curative instruction (Objection 5.) However, without more, such suspicion does not overcome the presumption, correctly stated in the Report, that the jury followed the judge's instructions. *See Greer v. Miller*, 483 U.S. 756, 767 n.8 (1987) ("We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an overwhelming probability that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be devastating to the defendant." (citations and quotations omitted)).

10

## **CONCLUSION**

Having reviewed petitioner's claims de novo and found, as did Magistrate Judge

Eaton, that they lack merit, the Court adopts the Report over the petitioner's objections.

The petition is denied. The Court further adopts Magistrate Judge Eaton's

recommendation that, as a privacy protection to the prospective juror and the two adult

witnesses, the trial transcript be returned directly to the Bronx District Attorney's Office.

(Report 2 n.1.) Petitioner has not made a substantial showing of a denial of a federal

right, *see Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d Cir. 1998), and the Court

therefore declines to issue a certificate of appealability, *see* 28 U.S.C. § 2253(c)(2). The

Clerk of the Court is directed to dismiss the petition and close this case.

SO ORDERED.

Dated: New York, New York
December 21, 2006

Richard J. Holwell
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TYRONE NOWLIN,                                    03 Civ. 9754(RJH)(DFE)

                    Petitioner,           REPORT AND
                                          RECOMMENDATION
                                          TO JUDGE HOLWELL
          - against -

MR. GARY GREENE,
(Superintendent),

                    Respondent.
------------------------------------x

DOUGLAS F. EATON, United States Magistrate Judge.

     Petitioner Tyrone Nowlin brings this *pro se* habeas corpus

petition challenging his conviction for sexual abuse, sodomy and

endangering the welfare of two boys.  After a 1999 jury trial in

Supreme Court, Bronx County, Justice Dominick Massaro sentenced

Nowlin, as a second felony offender, to an aggregate of 21 years

in prison.

     On appeal, Nowlin was represented by Legal Aid attorney

William B. Carney.  On September 19, 2002, the Appellate Division

unanimously affirmed the conviction.  *People v. Nowlin*, 297

A.D.2d 554, 747 N.Y.S.2d 92 (1st Dep't), *lv. denied* 98 N.Y.2d

770, 752 N.Y.S.2d 11 (Ct. App. 2002).

     Nowlin's petition was received by our Court's Pro Se Office

on October 23, 2003.  On March 17, 2004, Assistant District

Attorney Zaharah R. Markoe served and filed an opposing affidavit

that included a Memorandum of Law and annexed the appellate

                              1

briefs as Exhibits 1 and 2. (I shall refer to them as "Exh.

___.") [1] Nowlin asked me for copies of the cases that ADA Markoe

had cited from Westlaw. I sent him the copies, along with a June

16 order directing him to "serve and file any reply papers no

later than August 16, 2004." However, Nowlin did not file any

reply papers. On August 13, 2004, this case was reassigned from

Chief Judge Mukasey to District Judge Richard J. Holwell.

For the reasons set forth in this Report, I recommend that

Judge Holwell deny the petition.

Nowlin wisely makes no claim that the evidence was

insufficient. Mr. Carney's appellate brief (Exh. 1) described in

detail the testimony of the prosecution witnesses (pp. 26-31) and

the arguments in the summations (pp. 31-34). I see no need for

my Report to describe that evidence in detail.

Nowlin's habeas petition repeats the same two points that

were made in Mr. Carney's excellent 58-page brief. That brief

presented those points almost exclusively as matters of state

law. Mr. Carney mentioned the Sixth and Fourteenth Amendments to

the U.S. Constitution, but he did not cite any federal cases.

Decisions of the U.S. Supreme Court make clear that neither point

---

[1] Pursuant to New York Civil Rights Law § 50-b(1), Exh. 2 did not use
the full names of those who said they had been the victims of a sex crime; one
was a prospective juror, and the others testified at the trial. Unfortunately,
Exh. 1 revealed the full names, so I have manually deleted them from the text
of Exh. 1. **As a further privacy protection, I have not docketed the trial
transcript, and I recommend that Judge Howell order that the transcript be
returned directly to the Bronx District Attorney's Office at the conclusion of
this habeas proceeding.**

has any merit as an issue of federal law.

The first point in Mr. Carney's brief to the Appellate Division concerned one prospective juror. He discussed this at Exh. 1, pp. 36-44 under the following heading:

### POINT ONE

Appellant was denied his due process right to a fair trial and to an impartial jury by the court's denial of his challenge [for] cause, in this child sexual abuse case, of a prospective juror who ha[d] been sexually abused as a child and expressed difficulty in being able to separate the two incidents. U.S. Const., Amends. VI, XIV; N.Y. Const., Art. I, § 6.

The Appellate Division rejected that point and ruled as follows:

The court properly exercised its discretion in denying defendant's challenge for cause. In this case involving the sexual abuse of two boys, the record supports the court's determination that the prospective juror, who herself had been abused as a child, gave the requisite unequivocal assurance of impartiality (*People v. Arnold*, 96 N.Y.2d 358, 363, 729 N.Y.S.2d 51, 753 N.E.2d 846; *People v. Chambers*, 97 N.Y.2d 417, 740 N.Y.S.2d 291, 766 N.E.2d 953; *compare People v. Greene*, 290 A.D.2d 349, 737 N.Y.S.2d 32).

*Nowlin*, 747 N.Y.S.2d at 93.   After the judge refused to excuse this prospective juror ("BR") for cause, defense counsel immediately used one of his many peremptory challenges to excuse her.  (8/16/99 Tr. 162-64.)  She never sat on the jury, and hence there was no error from the standpoint of federal law.  This is clear from *Ross v. Oklahoma*, 487 U.S. 81, 108 S.Ct. 2273 (1988),

3

where the judge wrongly denied Ross's request to excuse a

prospective juror named Huling, but then Ross excused Huling by

using one of his peremptory challenges.   The U. S. Supreme Court

wrote:

> It is well settled that the Sixth and
> Fourteenth Amendments guarantee a defendant
> on trial for his life the right to an
> impartial jury.   Had Huling sat on the jury
> that ultimately sentenced petitioner to
> death, and had petitioner properly preserved
> his right to challenge the trial court's
> failure to remove Huling for cause, the
> sentence would have to be overturned.   But
> Huling did not sit.   Petitioner exercised a
> peremptory challenge to remove him, and
> Huling was thereby removed from the jury as
> effectively as if the trial court had excused
> him for cause.
>
> Any claim that the jury was not
> impartial, therefore, must focus not on
> Huling, but on the jurors who ultimately sat.
> None of those 12 jurors, however, was
> challenged for cause by petitioner, and he
> has never suggested that any of the 12 was
> not impartial. . . .
>
>      *               *               *
>
> Although we agree that the failure to
> remove Huling may have resulted in a jury
> panel different from that which would
> otherwise have decided the case, we do not
> accept the argument that this possibility
> mandates reversal. . . .   In the instant
> case, there is no need to speculate whether
> Huling would have been removed absent the
> erroneous ruling by the trial court; Huling
> was in fact removed and did not sit.
>
> Petitioner was undoubtedly required to
> exercise a peremptory challenge to cure the
> trial court's error.   But we reject the
> notion that the loss of a peremptory

4

> challenge constitutes a violation of the
> constitutional right to an impartial jury.
> We have long recognized that peremptory
> challenges are not of constitutional
> dimension.   They are a means to achieve the
> end of an impartial jury.  So long as the
> jury that sits is impartial, the fact that
> the defendant had to use a peremptory
> challenge to achieve that result does not
> mean the Sixth Amendment was violated. . . .

> \*                    \*                    \*

> . . . Because peremptory challenges are
> a creature of statute and are not required by
> the Constitution, it is for the State to
> determine the number of peremptory challenges
> allowed and to define their purpose and the
> manner of their exercise.  As such, the
> "right" to peremptory challenges is "denied
> or impaired" only if the defendant does not
> receive that which state law provides.

*Ross*, 108 S.Ct. at 2277-78 (citations and footnotes omitted).
Accordingly, Nowlin's first point has no merit as an issue of
federal law.

Mr. Carney's other point concerned "similar act" evidence
that was offered to show that the acts charged were intentional
and not accidental "horseplay."  The two complainants, Derrick L.
and Dennis L., were 11 and 14 when they testified before the
jury.  Defense counsel asked them whether, when they were in the
company of Nowlin, "there was a lot of horseplay" and wrestling
"between the three of you." (Tr. 342, 415.)  Subsequently, two
23-year old men ("CB" and "GP") testified that Nowlin committed
similar bad acts against them when they were 12 years old.  Mr.
Carney discussed this at Exh. 1. pp. 45-58 under the following

5

heading:

POINT TWO

The court's decision to allow testimony
by two individuals, who claimed that they had
also been sexually abused by appellant ten
years earlier, was error because the
testimony was cumulative and highly
prejudicial, and its refusal to order a
mistrial after the boys went into previously
forbidden areas which the court acknowledged
would cause a "very big problem," denied
appellant his right to a fair trial.  U.S.
Const., Amend. XIV; N.Y. Const., Art. I, § 6.

The Appellate Division rejected this point and ruled as follows:

The court properly exercised its
discretion in admitting testimony by two
previous victims of defendant.  In light of
the defense raised by defendant at trial,
this evidence was admissible on the sexual
abuse counts to prove defendant's intent and
was relevant to rebut the suggestion of
mistake or accident (see People v. Alvino, 71
N.Y.2d 233, 241-242, 525 N.Y.S.2d 7, 519
N.E.2d 808).  Defendant did not dispute the
People's contention that one of the issues
before the jury was whether the alleged
sexual touching was the inadvertent result of
horseplay.  None of the evidence at issue
deprived defendant of a fair trial,
particularly in light of the court's thorough
instructions to the jury.

Nowlin, 747 N.Y.S.2d at 93.

At Tr. 574-76, just before CB and GP took the stand, Justice
Massaro gave the jury a cautionary instruction.  He said that he
was allowing testimony "that the defendant did touch [CB] on the
penis on two occasions . . . [in] 1988 and . . . that the
defendant did touch [GP] on the penis on two occasions . . . [in]

6

1988."  He said:

> Now these are allegations.  The fact
> that this defendant allegedly committed these
> antisocial wrong or bad acts is no proof
> whatsoever that he possessed any propensity
> or disposition to commit the crimes that are
> charged in this indictment or any other crime
> for that matter. . . . Instead the People are
> offering the evidence . . . solely to
> demonstrate [that] the defendant's intent was
> to so touch the two people in this trial
> [Derrick L. and Dennis L.] on the penis and
> the absence of any mistake or accident when
> touching Derrick and Dennis [L.] on the
> penis.
>
> I charge you that such evidence may be
> considered by you only for this limited
> purpose and no other purpose.

Unfortunately, even though CB and GP were adults by the time

of the trial, they blurted out some details that went beyond the

limits agreed to by the prosecution.  CB testified that Nowlin

"placed my penis in his mouth."  (Tr. 587.)  And GP testified

that Nowlin "sat me on his lap and he put some handcuffs on me."

(Tr. 597.)  Defense counsel moved for a mistrial:

> MR. JOHNSTON:  . . . As you know, we tried
> very hard to prevent any type of testimony
> along the lines of an intentional sexual act.
> Unfortunately either the witness[es] did not
> understand . . . or [were] not properly
> instructed . . . .
>     *              *              *
> So I hate -- I reluctantly ask the Court to
> declare a mistrial.
>
> THE COURT:  Yes.  People?
>
> MS. EVILLARD:  Judge, the People oppose that
> request.

7

THE COURT:  Why?

MS. EVILLARD:  You gave a curative
instruction prior to his testifying and you
gave them a curative instruction after [CB]
made that slip [see Tr. 588] and I believe
the jury's a very intelligent one and can
follow your instructions.

THE COURT:  I believe so too.

      *          *         *
[T]he court feels that while there may have
been some accrual of a prejudice without an
an immediate curative instruction the court
having stemmed that prejudice [--] and will
do so again at the appropriate time [--]
denies the motion.

     Your exception is noted.

(Tr. 602-04.)

In his charge to the jury (Tr. 744-90), Justice Massaro
included a lengthy cautionary instruction (Tr. 778-81) about the
testimony of CB and GP.  He specifically told them to disregard
CB's testimony about the oral sodomy:  "That was totally out of
order.  I directed you immediately that has no bearing whatsoever
. . . . " (Tr. 780.)  He also said:  "Handcuffing someone per se
is not evidence of any criminal activity at all.  Totally
disregard it, only consider those two young men who testified
here for the purpose of the court, as stated, allowed the People
to bring it in to indicate whether or not it in fact did offset
the defense of accident or mistake." (Tr. 780.)

"A crucial assumption underlying [the jury] system is that
juries will follow the instructions given them by the trial

8

judge." *Parker v. Randolph*, 442 U.S. 62, 73, 99 S.Ct. 2132, 2139

(1979).  In *Greer v. Miller*, 483 U.S. 756, 767 n.8, 107 S.Ct.

3102, 3109 n. 8 (1987), the Supreme Court stated:

> We normally presume that a jury will follow
> an instruction to disregard inadmissible
> evidence inadvertently presented to it,
> unless there is an "overwhelming probability"
> that the jury will be unable to follow the
> court's instructions, *Richardson v. Marsh*,
> 481 U.S. 200, 208, 107 S.Ct., 1702, 1708, 95
> L.Ed.2d 176 (1987), and a strong likelihood
> that the effect of the evidence would be
> "devastating" to the defendant, *Bruton v.*
> *United States*, 391 U.S. 123, 136, 88 S.Ct.
> 1620, 1628, 20 L.Ed.2d 476 (1968).

Mr. Carney made no contention that Justice Massaro should

have improved the wording of his limiting and curative

instructions.  There is nothing in the record to suggest that the

jury did not follow them.

As to whether CP and GB should have been allowed to testify

at all, that was an evidentiary issue governed by State law.  The

Appellate Division ruled on it.

> . . . [A]n inquiry [about state
> evidentiary law], however is no part of a
> federal court's habeas review of a state
> conviction.  We have stated many times that
> federal habeas corpus relief does not lie for
> errors of state law.  Today, we reemphasize
> that it is not the province of a federal
> habeas court to reexamine state-court
> determinations of state-law questions.  In
> conducting habeas review, a federal court is
> limited to deciding whether the conviction
> violated the Constitution, laws or treaties
> of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480

9

(1991)(citations and internal quotation marks omitted).  In
*Estelle,* the Supreme Court upheld evidence of a prior criminal
act which, if believed, tended to show that the alleged act on
trial had been intentional:

> . . . McGuire did not raise the defense
> of accidental death at trial.  But the
> prosecution's burden to prove every element
> of the crime is not relieved by a defendant's
> tactical decision not to contest an essential
> element of the offense. . . .  The evidence
> of battered child syndrome was relevant to
> show intent, and nothing in the Due Process
> Clause of the Fourteenth Amendment requires
> the State to refrain from introducing
> relevant evidence simply because the defense
> chooses not to contest the point.

*Estelle*, 502 U.S. at 69, 112 S.Ct. at 481.

If Nowlin's trial had been held in a federal court, it would
have been governed by Rule 414(a) of the Federal Rules of
Evidence; that Rule says:

> (a) In a criminal case in which the defendant
> is accused of an offense of child
> molestation, evidence of the defendant's
> commission of another offense or offenses of
> child molestation is admissible, and may be
> considered for its bearing on any matter to
> which it is relevant.

Accordingly, Nowlin has not shown that his trial was
fundamentally unfair.

## CONCLUSION

I recommend that Judge Holwell deny the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the
Federal Rules of Civil Procedure, any party may object to this

recommendation within 10 business days after being served with a copy, by filing written objections with the Clerk of the U.S. District Court and mailing copies (a) to the opposing party, (b) to the Hon. Richard J. Holwell, U.S.D.J. at Room 1950, 500 Pearl Street, New York, NY 10007 and (c) to me at Room 1360, 500 Pearl Street, New York, NY 10007.  Failure to file objections within 10 business days will preclude appellate review.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) *(per curiam)*; 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), and 6(e).  Any request for an extension of time must be addressed to the District Judge.


                                    _____
                                    DOUGLAS F. EATON
                                    United States Magistrate Judge


Dated:    New York, New York
          January 13, 2005

Copies of this Report and Recommendation were mailed this date to:

Tyrone Nowlin, 99A5738
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821-0051

Zaharah R. Markoe, Esq.
Assistant District Attorney
198 East 161st Street
Bronx, NY 10451

Hon. Richard J. Holwell

11